UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHANNON DOUGLAS ROBINSON,

    Plaintiff,

v.                                                                                       CASE NO. 6:11-cv-576-Orl-35KRS

CHERYL MCGUIRE, *et al.*,

    Defendants.

## ORDER

    This case is before the Court on Plaintiff's Motion for Temporary Restraining Order or Motion for Preliminary Injunction (Doc. No. 16). Plaintiff states that he was involved in a car accident on April 16, 2009. *Id.* at 2. Plaintiff alleges that he injured his shoulder but did not receive medical care from Tomoka Correctional Institution until the following day. *Id.* Plaintiff asserts that the Defendant McGuire, a registered nurse, ignored his shoulder injury. *Id.* Plaintiff contends that his injury remains undiagnosed and that he will suffer irreparable harm if his injury is not diagnosed and treated. *Id.* at 3. However, Plaintiff also notes that on September 1, 2011, he was treated by Dr. Edouard at Avon Park Correctional Institution for his shoulder injury and received medication in the form of Flexirl, Indomethacin, and Naproxen. *Id.* at 3. Plaintiff seeks additional medical care for his shoulder injury. *Id.* at 4.

    The Eleventh Circuit has fashioned a four-factor test for granting an injunction or temporary restraining order in this Court:

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983) (citations omitted). "The purpose of . . . a preliminary injunction is 'merely to preserve the relative positions of the parties until a trial on the merits can be held.'" *United States v. Lambert*, 695 F.2d 536, 539-40 (11th Cir. 1983) (quoting *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981)). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion." *Lambert*, 695 F.2d at 539 (quoting *State of Texas v. Seatrain International, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975)).

Plaintiff has not carried his burden of demonstrating that an injunction or temporary restraining order should be granted. There is no indication that Plaintiff has a likelihood of success on the merits of his claim or that he will suffer irreparable harm unless the Court orders additional medical treatment. Plaintiff was injured in a car accident on April 16, 2009, and by his own admissions, has been treated on several occasions, most recently on September 1, 2011, wherein he received medication for his pain. "[A] simple difference in medical opinion between the prison's medical staff and the inmate" regarding the course of treatment does not state an Eighth Amendment claim for deliberate indifference to medical care. *Smith v. Florida Dep't of Corr.*, 375 F. App'x 905, 910 (11th Cir. 2010) (citing *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)). The question of "whether governmental actors should have employed

additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore [is] not an appropriate basis for grounding liability under the Eighth Amendment." *Smith*, 375 F. App'x at 910 (citing *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995)). Plaintiff has received treatment for his shoulder injury. Plaintiff merely disagrees with the course of treatment he has received and speculates that he may have nerve damage that needs more extensive treatment. Accordingly, because Plaintiff has failed to meet his burden with respect to each of the factors required for an injunction or temporary restraining order, it is hereby **ORDERED** that Plaintiff's Motion for Temporary Restraining Order or Motion for Preliminary Injunction (Doc. No. 16) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of October 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 10/4
Shannon Douglas Robinson